UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Chia Neng Vue, | Civ. No. 25-2827 (PAM/DLM) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| Pamela R. Bondi, United States Attorney General; Todd Blanche, Deputy United States Attorney General; Kristi Noem, Secretary of the Department of Homeland Security; and Tauria Rich, Acting St. Paul Field Office Director;[1] | |
| Respondents. | |

This matter is before the Court on Petitioner Chia Neng Vue's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet. (Docket No. 1).) The instant Petition challenges Petitioner's immigration detention pending removal. For the following reasons, the Petition is denied.

**BACKGROUND**

Petitioner is a citizen of Laos. (Id. ¶ 8.) He claims to have entered the United States in 1987 as a refugee. (Decl. of Thomas Murphy (Docket No. 5) ¶ 4.) In 1998, Petitioner was convicted of Criminal Sexual Conduct and Crime Committed for Benefit of a Gang and was sentenced to 93 months' imprisonment. (Id. ¶ 6; Id. Ex. 2.) Upon his release, he was turned over to Immigration and Customs Enforcement ("ICE") custody on July 23,

---

[1] Respondents' names are automatically substituted to those of current officeholders under Fed. R. Civ. P. 25(d).

2003.  (Id. Ex. 1 at 2.)  On July 24, 2003, ICE Enforcement and Removal Operations ("ERO") served Petitioner with a Notice to Appear in Removal Proceedings charging him as removable under the Immigration and Nationality Act for his conviction of a crime of moral turpitude.  (Id. ¶ 7; Id. Ex. 3.)  An Immigration Judge ordered him removed from the United States to Laos on October 31, 2003.  (Id. ¶ 10; Id. Ex. 6.)

On February 4, 2004, Petitioner was released from ICE custody on an order of supervision.  (Id. ¶ 11; Id. Ex. 7.)  He committed more crimes while on supervised release.  In 2011, he was charged with felon in possession of a firearm.  (Docket No. 4 at 3.)  In 2012, he was convicted of domestic terrorist threat and violation of a no-contact order and was sentenced to 204 months' imprisonment.  (Id.)  Also in 2012, he was again arrested and charged with felon in possession, was convicted, and sentenced to another 60 months' imprisonment.  (Id.)  At that time, ICE could not obtain travel a document to remove Petitioner.  (Id.)

Beginning in March 2025, ERO St. Paul began removing individuals to Laos.  (Murphy Decl. ¶ 14.)  On June 7, 2025, ERO St. Paul arrested Petitioner and served him with a Notice of Revocation of release, because his removal to Laos was imminent.  (Id. ¶ 12; Id. Ex. 8.)  That same day, Petitioner was afforded an informal interview to allow him "an opportunity to respond to the reasons for revocation and to provide any evidence to demonstrate that [his] removal is unlikely," as required under 8 C.F.R. §§ 241.4(1), 241.13(j).  (Id. Ex. 8.)  At the interview, Petitioner did not provide a statement or any documents showing that his removal was unlikely.  (Id. Ex. at 3.)  Petitioner remains detained since his arrest.  (Pet. ¶ 1.)

2

Petitioner raises three claims: a violation of his due process rights, a request for a preliminary injunction to prevent Respondents from "re-detaining him without court approval," and a temporary restraining order ("TRO") seeking his immediate release from custody.

**DISCUSSION**

"A writ of habeas corpus enables a person detained by the government to challenge the legality of his confinement and, if successful, obtain his release." Abdulkadir A. v. Sessions, Civ. No. 18-2353, 2018 WL 7048363, at *2 (D. Minn. Nov. 13, 2018) (Bowbeer, J.) (citing Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)), report and recommendation adopted, 2019 WL 201761 (D. Minn. Jan. 15, 2019) (Brasel, J.). Courts evaluating a motion for a TRO or preliminary injunctive relief weigh four factors: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant absent relief; (3) the balance between that harm and the harm injunctive relief would cause to the other litigants; and (4) the public interest. Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The most important of those factors is success on the merits—preliminary injunctive relief cannot be entered where a litigant cannot establish any likelihood of success on his or her claims. Shrink Mo. Gov't PAC v. Adams, 151 F.3d 763, 764 (8th Cir. 1998). "A TRO is an extraordinary remedy, and the [petitioner] has the burden of demonstrating that he is entitled to such relief." Minneapolis Urb. League, Inc. v. City of Minneapolis, 650 F. Supp. 303, 305 (D. Minn. 1986) (Murphy, J.)

3

First, Petitioner claims the Department of Homeland Security ("DHS") did not comply with regulatory procedures in revoking his release.[2] He alleges that DHS did not provide him any reason for his detention. (Pet. ¶ 19.) But the Notice of Revocation explained that the basis for the revocation is that ICE is securing a travel document for him and that his removal to Laos is imminent. (Murphy Decl. Ex. 8.) He was also allowed an opportunity to explain why he his removal would not be likely in the reasonably foreseeable future during his interview, but Petitioner chose not to provide any reason. (Id. at 3.) Moreover, ICE recently began successfully removing individuals to Laos, and therefore it is reasonable to believe that ICE will be able to secure a travel document for Petitioner. (See id. ¶ 14.) Petitioner does not support his claim that Respondents have not complied with applicable regulatory requirements.

Second, Petitioner claims that his detention violates the Due Process Clause of the Fifth Amendment, because he is unlikely to be removed to Laos in the reasonably foreseeable future and that his detention is punitive. (Pet. ¶ 24.) In Zadvydas v. Davis, the United States Supreme Court articulated that the Due Process Clause prevents a person subject to removal to be detained indefinitely pending removal. 533 U.S. 678, 699–700 (2001). Under the framework established by Zadvydas, "it is presumptively reasonable to keep [a noncitizen] subject to a final removal order in custody for a total of six months." Bah v. Cangemi, 489 F. Supp. 2d 905, 916 (D. Minn. 2007) (citing Zadvydas, 533 U.S. at 701). The Supreme Court established that "[t]his 6–month presumption, of course, does

---

[2] Petitioner does not challenge his final order of removal, only his detention pending his removal. (Pet. ¶ 27.)

4

not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701. Petitioner utterly fails to meet his initial burden under Zadvydas, because he provides no support for his allegation that his removal is unlikely in the foreseeable future. In any event, Petitioner has been detained for a little more than one month, well within the time limit prescribed in Zadvydas.

Having reviewed Petitioner's habeas petition and requests for a TRO and preliminary injunction, the Court concludes that Petitioner cannot demonstrate a likelihood of success on the merits of his claims. See Brady v. Nat'l Football League, 640 F.3d 785, 789 (8th Cir. 2011) (citing Shrink Mo. Gov. PAC, 151 F.3d at 764). As established above, Petitioner provides no legal or factual argument against his detention. The remaining Dataphase factors similarly weigh against the relief he seeks. 640 F.2d at 113. He fails to demonstrate that he would suffer irreparable harm without injunctive relief: he may be removed to Laos, the country to which the immigration court determined that he should be removed. The balance of harms weighs in the Respondents' favor because Petitioner's release is not legally required, supervision would be costly were he to be released, and it would be inefficient to obtain a subsequent court order to detain him again. Finally, the public interest favors efficient administration of immigration laws. Petitioner's requests for a TRO and preliminary injunction are therefore denied.

Without any likelihood of success on the merits of this claims, the Court must conclude that Petitioner is not entitled to the habeas relief that he seeks, and thus likewise denies his Petition.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** the Petition (Docket No. 1) is **DENIED**, and this action is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 18, 2025                              s/ *Paul A. Magnuson*
                                                              Paul A. Magnuson
                                                              United States District Court Judge